UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OTIS E. JONES, SR.,

                              Plaintiff,

    - against -

JEREMY KAUFMAN, Assistant Corporation
Counsel, MICHELLE KELSON, Corporation
Counsel, TODD VENNING, City Manager,
TORRANCE HARVEY, Mayor of the City of
Newburgh, NEWBURGH CITY COUNCIL
MEMBERS NAMED ON THE RECORD, and
CITY OF NEWBURGH, a municipal entity,

                              Defendants.
-------------------------------------------------------------x

**ORDER**

No. 25-CV-4407 (CS)

CATHY SEIBEL, United States District Judge:

       Plaintiff filed his Complaint on May 27, 2025, alleging that Defendants violated his rights under 42 U.S.C. § 1983 by failing to cancel a foreclosure of the property located at 24 South Johnston Street, Newburgh, NY 12550 (the "Property"). (ECF No. 1 ("Compl.").) In his Complaint, Plaintiff alleged that he is "the legal and financial custodian of [the Property]." (Compl. ¶ 5.) On May 30, 2025, after reviewing the Complaint and the attached exhibits, the Court ordered Plaintiff to show cause as to why the action should not be dismissed for lack of standing, as it appeared that Plaintiff is not the owner of the Property. (ECF No. 6.) In Plaintiff's response to the Order to Show Cause, he acknowledged that he is not the Property owner. (ECF No. 19 at 2.) Nevertheless, Plaintiff asserts that he has an interest in the Property sufficient to establish standing because he has made tax payments associated with the Property, operates several businesses from the Property, and had an agreement with his sister, the real owner of the Property, to make all financial, legal, and administrative decisions with respect to

the Property.  (*Id.* at 2-4.)  Defendants argue that Plaintiff does not have standing because he did not possess title to the Property at the time of foreclosure.  (ECF No. 20 at 2.)

## DISCUSSION

A plaintiff who does not own the property subject to foreclosure does not have standing to challenge that foreclosure.  *See Costello v. Town of Huntington*, No. 14-CV-2061, 2015 WL 1396448, at *4 (E.D.N.Y. Mar. 25, 2015) (where plaintiff's allegations concerned defendant's actions taken against a property, and plaintiff did not own property at issue, plaintiff did not have standing to challenge those actions because plaintiff was injured only as result of injury to another); *Ali v. N.Y.C. Dep't of Transp.*, Nos. 14-CV-312, 14-CV-313, 2014 WL 5822625, at *3-4 (E.D.N.Y. Nov. 7, 2014) (plaintiff did not have standing to challenge building violations and work permits on properties that he did not own); *Blakely v. Cardozo*, No. 07-CV-3951, 2007 WL 2702241, at *3 (S.D.N.Y. Sept. 17, 2007) ("Because the property at 477 West 142nd Street is the object of the City's *in rem* foreclosure action, only the property's legal owner, the HDFC, can be alleged to have suffered the requisite injury to confer standing.  [Plaintiff], a shareholder of the HDFC, is injured only as a result of the injury to another, *i.e.,* the corporation, and therefore generally lacks standing."); *see also Karkare on behalf of JN v. Int'l Ass'n of Bridge*, No. 22-2874, 2025 WL 1618132, at *3 (2d Cir. June 9, 2025) ("[Plaintiff] does not have standing to assert claims for any injuries suffered by that corporate entity, even if he was personally aggrieved by the Union's conduct and may have faced the risk of financial loss as a result.").[1]

That the Plaintiff has made payments on or decisions about the Property or has occupied it through the businesses he owns does not confer standing.  *See Dietrich v. JP Morgan Chase*

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.  The Court will send Plaintiff copies of any unreported cases cited in this Order.

2

*Bank*, N.A., No. 16-CV-13566, 2017 WL 57240, at *3 (E.D. Mich. Jan. 5, 2017) (plaintiff did not have standing to contest foreclosure of his son's property even though he claimed he maintained the property, made payments on the property, and lived there, because "mere occupants or tenants of a property lack standing to challenge a foreclosure"); *Hurst v. Fed. Nat'l Mortg. Ass'n*, No. 14-CV-10942, 2015 WL 300275, at *3 (E.D. Mich. Jan. 22, 2015) (explaining tenants or occupants of the property lack standing to challenge foreclosure of that property), *aff'd*, 642 F. App'x 533 (6th Cir. 2016).  Further, although Plaintiff asserts that he had an agreement with his sister regarding the maintenance of the Property, Plaintiff has not produced any legally binding instrument that would establish any right to the Property, nor does he argue that he has power of attorney over his sister and is suing in her name.  *See Dietrich*, 2017 WL 57240, at *3 (plaintiff lacked standing where he was not the property owner, did not argue that he had power of attorney over his son, the property owner, and was suing in his own name); *Hurst*, 2015 WL 300275, at *3 (plaintiff lacked standing to challenge foreclosure of property where she had no legally binding instrument that showed her alleged right to purchase the property upon death of owner).  Therefore, as Plaintiff is not the legal owner of the Property, Plaintiff lacks standing.

When a plaintiff lacks standing, the court may allow the real party in interest to make an application to substitute as plaintiff.  *See Karkare on behalf of JN*, 2025 WL 1618132, at *4-5 (remanding case to permit application to substitute as plaintiff by individual who likely has standing to maintain claim); *see also Dietrich*, 2017 WL 57240, at *3 (explaining that property owner could bring a case contesting the defendant's foreclosure of property); Fed. R. Civ. P. 17(a) (regarding the real party in interest).  Therefore, the Court will give the Property owner an opportunity to do so here.

## CONCLUSION

For the reasons stated above, the Court will dismiss this action without prejudice on or after July 24, 2025, unless the owner of the Property submits an application to substitute as Plaintiff by that date.

**SO ORDERED.**

Dated: June 24, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.